IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KENNETH MOUNCE                                                    PLAINTIFF


            v.                          CIVIL NO. 16-5060


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                              DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Kenneth Mounce, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and

XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether

there is substantial evidence in the administrative record to support the Commissioner's

decision.  See 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on July 19, 2013,

alleging an inability to work since June 30, 2013, due to heart failure, sleep apnea, epilepsy,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

atrial fibrillation, venous stasis ulcer, edema in the left and right legs, and cardiomyopathy. (Doc. 9, pp. 64-65, 175, 182). An administrative video hearing was held on August 14, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 33-61).

By written decision dated April 29, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 9, p. 21). Specifically, the ALJ found Plaintiff had the following severe impairments: non-ischemic cardiomyopathy; chronic systolic heart failure; atrial fibrillation now cardioverted; hypertension; a seizure disorder not on medicine; obstructive sleep apnea; venous insufficiency with history of deep vein thrombosis of the left leg; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except, he must also avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights.

(Doc. 9, p. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as an illustrator draftsman. (Doc. 9, pp. 27-28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on January 29, 2016. (Doc. 9, pp. 5-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

3

A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## III.    Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence,

4

the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council consists of treatment notes from two of Plaintiff's treating physicians, Drs. Lance W. Weathers and Cheryl A. Fulton, as well as, medical source statements completed by the same two physicians opining that Plaintiff is unable to perform even sedentary work. (Doc. 9, pp. 510-515, 529-562). While these assessments were completed in June of 2015, after the ALJ's decision, Dr. Weathers opined that Plaintiff's limitations began in March of 2013, which is clearly during the time period in question. (Doc. 9, p. 515). Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed

and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of May 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE